## ALLEN, (ROCKSELL v.)
[See Rocksell v. Allen, Case No. 11,983.]

## ALLEN, (RUSSELL v.)
[See Russell v. Allen, Case No. 12,149.]

## Case No. 235.
### ALLEN v. RYERSON.
[2 Dill. 501.][1]

Circuit Court, D. Iowa. 1873.

REMOVAL OF CAUSES—ACT OF JULY 27, 1866, CONSTRUED.

1. A cause removed from the state to the federal court, under the act of July 27, 1866, will not be remanded to the state court, merely because the petition for removal does not appear to have been verified.

2. Under the act of July 27, 1866, the nonresident defendant may remove the cause, as to him, where there can be a final determination of the controversy without the presence of a resident co-defendant.

3. In this case it was held that there could be such a final determination.

4. Where a case is made for removal of a cause, under the act of July 27, 1866, the petitioner therefor is not obliged to make an affidavit, such as is required by the act of March 2, 1867.

On motion by plaintiff to remand the cause to the state court.

The material facts are as follows: The plaintiff, B. F. Allen, is a citizen of Iowa. The defendant, Joseph T. Ryerson, is a citizen of Illinois. The other defendant is the sheriff of Polk county, Iowa. The plaintiff brought this suit in one of the state courts of Iowa. The defendants pleaded, and, before the final hearing, the defendant Ryerson filed an application, under the act of congress of July 27, 1866, (14 Stat. 306,) to have the cause, as to him, removed into the circuit court of the United States for the district of Iowa. The application was not verified, but stated the citizenship of the

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

parties, and that the action was to enjoin the defendants; that there could be a final determination of the controversy as to Ryerson without his co-defendant, and offered the requisite security for filing copies of pleadings, etc., in the federal court. The state court made an order transferring the cause to the circuit court of the United States, and now motion is made by the plaintiff to remand the cause to the state court, for the reason that the petition for removal was not verified, and also, among other reasons, that the controversy as to Ryerson could not be determined without the presence of the sheriff, his co-defendant, and that the application does not state that there is any prejudice or local influence, as required by the act of March 2, 1867. From the bill, it appears that the plaintiff, as a judgment creditor of the "Des Moines Iron Works," had purchased certain real estate belonging to said company, sold on execution, and claimed to have taken with the realty certain machinery, as fixtures. The defendant Ryerson, a junior judgment creditor of said company, claiming that the machinery was not fixtures, and did not pass with the realty, ordered an execution upon his judgment, and caused the same to be levied by the sheriff, his co-defendant, upon the machinery, as the property of the Des Moines Iron Works. Plaintiff's bill was to restrain the defendant from selling, or in any way interfering with, said property, and for injury for the seizure of the same, alleges irreparable damages, etc., and asks that the injunction be made perpetual at the hearing. Defendants, in answer, deny the substance of the bill, and the damages, and ask that the injunction be dissolved.

John D. Rivers, for the motion.
Brown & Dudley, opposed.

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge.—1. The motion to remand is made upon three grounds. The first ground is that the petition for the removal, upon which the state court acted, was not verified. The removal was applied for and ordered under the act of July 27, 1866. This act does not, in terms, require the petition to be verified (see Sweeney v. Coffin, [Case No. 13,686;]) and we do not think the cause should, for this reason, be remanded. The plaintiff is not concluded, by the petition for removal, as to the citizenship of the defendant Ryerson, but may contest that matter in this court, by a plea in the nature of a plea in abatement.

2. The substantial controversy, as disclosed in the plaintiff's bill and in the pleadings, is one between him and the defendant Ryerson. The plaintiff is a citizen of Iowa, and Ryerson is a citizen of Illinois. Judging of the case as made by the pleadings, we think there can be a final determination of the

controversy without the presence of the sheriff. If the plaintiff maintains his bill, the decree will restrain the defendant Ryerson, and his agents and attorneys, which will include the sheriff, from further interference with the plaintiff's property; and the court may, if ground of equitable jurisdiction exists, also ascertain and award the plaintiff damages caused by the acts of the sheriff, under Ryerson's direction. If such a decree be satisfied, this will end the case as respects the sheriff. If not satisfied, the plaintiff can proceed, in the state court, against the sheriff, for as to the latter the cause still remains in that court. If Ryerson shall succeed in this court, and the bill be dismissed on the merits, this will dispose of the plaintiff's case against the sheriff in the state court.

3. It is our opinion, that where a case is, made for the removal of a cause under the act of July 27, 1866, the petitioner for removal is not obliged to make an affidavit of the existence of prejudice or local prejudice, such as is required in applications under the act of March 2, 1867. Motion denied.

LOVE, J., concurs.

NOTE, [from original report.] Removal by non-resident creditor, who has been substituted for the sheriff. Beecher v. Gillett, [Case No. 1,225.] See Nye v. Nightingale, 6 R. I. 439, where it was decided, under section 12 of the judiciary act, that the resident officer was a necessary party